**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **SPORTBRAIN, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. _____** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NIKE, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SportBrain, Inc. ("Plaintiff" or "SportBrain"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant Nike, Inc. ("Defendant" or "Nike") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,454,002 entitled "*Integrating Personal Data Capturing Functionality Into a Portable Computing Device and a Wireless Communication Device*" (hereinafter, the "'002 patent" or the "Patent-in-Suit").   A copy of the '002 patent, is attached hereto as Exhibit A.  Plaintiff is the owner of the Patent-in-Suit with respect to the Defendant. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      SportBrain is a limited liability company organized under the laws of the State of Texas, and maintains its principal place of business at Quarry Oaks – Building A, 10900 S. Stonelake Blvd., Ste. A-320, Austin, Texas, 78759.

3.      Plaintiff is the owner of the Patent-in-Suit with respect to the Defendant, and

possesses all right to enforce the Patent-in-Suit, including the right to sue the Defendant for

infringement and recover past damages.

4.      Upon information and belief, Nike is a corporation duly organized and existing

under the laws of the State of Oregon, having a place of business located at One Bowerman

Drive, Beaverton, Oregon, 97005.

**JURISDICTION AND VENUE**

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et

seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.   This Court has subject matter

jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Defendant because: Defendant has

minimum contacts within the State of Texas and in the Eastern District of Texas; Defendant has

purposefully availed itself of the privileges of conducting business in the State of Texas and in

the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the

State of Texas; Defendant regularly conducts business within the State of Texas and within the

Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's

business contacts and other activities in the State of Texas and in the Eastern District of Texas.

7.      More specifically, Defendant, directly and/or through its intermediaries, ships,

distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web

page) its products and services in the United States, the State of Texas, and the Eastern District

of Texas.   Upon information and belief, Defendant and/or its customers have committed patent

infringement in the State of Texas and in the Eastern District of Texas, and/or has intentionally

induced others to commit patent infringement in the State of Texas and in the Eastern District of

Texas.  Defendant solicits customers in the State of Texas and in the Eastern District of Texas.

Defendant has many paying customers who are residents of the State of Texas and the Eastern

District of Texas and who use Defendant's products and services in the State of Texas and in the

Eastern District of Texas.

8.      Venue is proper in the Central District of Texas pursuant to 28 U.S.C. §§ 1391

and 1400(b).

<b>COUNT I:<br>INFRINGEMENT OF U.S. PATENT NO. 7,454,002<br>BY NIKE, INC.</b>

9.      The '002 patent was duly and legally issued by the United States Patent and

Trademark Office on November 18, 2008 after full and fair examination.  Plaintiff is the owner

under the '002 patent with respect to Defendant, and possesses all right, title and interest in the

Patent-in-Suit including the right to enforce the Patent-in-Suit, and the right to sue Defendant for

infringement and recover past damages.

10.      Plaintiff is informed and believes that Defendant ships, distributes, offers for sale,

sells, and/or advertises several devices, such as the Nike FuelBand, that infringes the '002 patent

either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has

infringed and continues to infringe one or more claims of the '002 patent by making, using, and

providing a method for integrating personal data capturing functionality into a wireless

communication device and for analyzing and supplying feedback information to a user through

the combined use of the personal parameter receiver, a wireless communication device (Nike

FuelBand), a network server, and website in this district and elsewhere in the United States

through its website.

3<br>COMPLAINT FOR PATENT INFRINGEMENT

11.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '002 patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use a device, such as the Nike FuelBand, for the primary purpose of causing infringing acts by said customers.  Defendant has had knowledge of the '002 patent as of the commencement of this action at least and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its products in a manner which infringes the '002 patent.  Upon information and belief, Defendant has specifically intended that its customers use the accused products in such a way that infringes the '002 patent by, at minimum, providing instructions to its customers on how to use the accused products in such a way that infringes the '002 patent and knew that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers.

12.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

14.     Defendant's infringement of Plaintiff's rights under the '002 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

COMPLAINT FOR PATENT INFRINGEMENT

## JURY DEMAND

15.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A.      An adjudication that one or more claims of the '002 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B.      An adjudication that one or more claims of the '002 patent have been infringed, by customers of the Defendant, said customers having been induced to infringe by the intentional actions of the Defendant;

C.      An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest;

D.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement and actively inducing infringement with respect to the claims of the Patent-in-Suit;

E.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with U.S.C. § 285; and,

F.      Any further relief that this Court deems just and proper.

Dated: January 2, 2013                    Respectfully submitted,


                                          */s/ Melissa R. Smith*
                                          Melissa R. Smith
                                          Texas Bar No. 24001351
                                          **Gillam & Smith, LLP**
                                          303 S. Washington Avenue
                                          Marshall, Texas75670
                                          Telephone : (903) 934-8450
                                          Facsimile : (903) 934-9257
                                          E-mail : melissa@gillamsmithlaw.com

                                          Steven R. Ritcheson
                                          *Pro Hac Vice Application to be Filed*
                                          **HENINGER GARRISON DAVIS, LLC**
                                          9800 D Topanga Canyon Boulevard, #347
                                          Chatsworth, CA 91311
                                          Telephone : (818) 882-1030
                                          E-mail : swritcheson@hgdlawfirm.com

                                          Joseph C. Gabaeff
                                          *Pro Hac Vice Application to be Filed*
                                          **HENINGER GARRISON DAVIS, LLC**
                                          9800 D Topanga Canyon Boulevard, #347
                                          Chatsworth, CA 91311
                                          Telephone : (818) 882-1030
                                          E-mail : jgabaeff@hgdlawfirm.com

                                          M. Blair Clinton
                                          *Pro Hac Vice Application to be Filed*
                                          **HENINGER GARRISON DAVIS, LLC**
                                          2224 First Avenue North
                                          Birmingham, AL 35203
                                          Telephone : (205) 326-3336
                                          E-mail : bclinton@hgdlawfirm.com

                                          ***Attorneys for Plaintiff SportBrain, Inc.***

COMPLAINT FOR PATENT INFRINGEMENT